**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION**

**ESQUANICKIA FLETCHER**                                           **PLAINTIFF**

**v.**                                       **CIVIL ACTION NO.** 3:22-cv-672-DPJ-FKB

**SOUTHERN CHARM FAMILY HEALTHCARE LLC;
KELLI MARIE FOSTER, INDIVIDUALLY; AND
CHRISTOPHER CHASE FOSTER, INDIVIDUALLY**            **DEFENDANTS**

**COMPLAINT
<u>JURY TRIAL DEMANDED</u>**

     **COMES NOW** the Plaintiff, Esquanickia Fletcher, by and through counsel, Watson & Norris, PLLC, and files this action to recover damages for the actions of the Defendants, Southern Charm Family Healthcare LLC, Kelli Marie Foster, individually, and Christopher Chase Foster, individually, which constitute a breach of contract as well as a violation of her rights pursuant to the Fair Labor Standards Act. In support of this cause, the Plaintiff would show unto the Court the following facts to-wit:

<u>**THE PARTIES**</u>

     1.      Plaintiff, Esquanickia Fletcher, is an adult female who resides in Rankin County, Mississippi.

     2.      Defendant, Southern Charm Family Healthcare LLC, is a Limited Liability Corporation licensed in Mississippi that may be served with process through its registered agent: Christopher Chase Foster, 2799 Hwy 49 S, Suite E, Florence, Mississippi 39073.

     3.      Defendant, Kelli Marie Foster, individually, is an adult resident citizen of Rankin County, Mississippi and may be served with process at her place of employment: 2799 Hwy 49 S, Suite E, Florence, Mississippi 39073.

1

4. Defendant, Christopher Chase Foster, individually, is an adult resident citizen of Rankin County, Mississippi and may be served with process at his place of employment: 2799 Hwy 49 S, Suite E, Florence, Mississippi 39073.

## JURISDICTION AND VENUE

5. This Court has personal and subject matter jurisdiction over the Defendants and venue is proper in this Court.

6. This Court has federal question jurisdiction over Plaintiff's claims pursuant to the FLSA.

7. Venue and jurisdiction are proper as the claims are brought pursuant to the FLSA to recover unpaid minimum and overtime wages, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorney's fees and costs.

## STATEMENT OF FACTS

8. Plaintiff is a 38-year-old female resident of Rankin County, Mississippi.

9. Plaintiff was hired on September 24, 2021, as a Nurse Practitioner at Southern Charm Family Healthcare LLC (SCFH).

10. In the signed Employment Letter of Intent, signed by both Plaintiff and SCFH Managing Partners Kelli Marie and Chase Foster, it was agreed that during the initial 90-day period of her employment, SCFH would pay Ms. Fletcher $52.00 per hour, a true and correct of which is attached as Exhibit "A."

11. In this same letter of intent, it states that at the end of the 90-day period, negotiations would address any changes to the reimbursement plan.

12. No further changes, however, were ever made.

13. On March 29, 2022, Plaintiff submitted a resignation letter to SCFH, in which she noted that she was resigning because SCFH was delinquent in paying her for all hours worked during her employment.

14. Specifically, between the beginning of her employment on September 24, 2021, and March 29, 2022, Plaintiff regularly worked in excess of 40 hours each work week for a total of 512 hours.

15. During December 2021, Defendants paid Plaintiff a one-time payment of $4,000.00.

16. Other than this one-time payment, Plaintiff never received any additional payment for the hours she worked, including overtime hours, from SCFH.

17. At a minimum, Defendants owe Plaintiff the remaining balance of $22,624.00 ($52.00 per hour x 512 hours = $26,624.00; $26,624.00 – $4,000.00 = $22,624.00).

## COUNT I:  BREACH OF CONTRACT

18. Plaintiff re-alleges and incorporates all averments set forth in paragraphs 1 through 17 above as if fully incorporated herein.

19. The contract between Plaintiff and the Defendants stated that Plaintiff was to be paid $52 per hour by Defendants.

20. Plaintiff began working for the Defendant on September 24, 2021.

21. Specifically, between the beginning of her employment on September 24, 2021, and March 29, 2022, Plaintiff worked a total of 512 hours.

22. During December 2021, Plaintiff was paid a one-time payment of $4,000.00.

23. Other than this one-time payment, Plaintiff never received any payment from SCFH.

24. At a minimum, Defendants owe Plaintiff a remaining balance of $22,624.00 ($52.00/hour x 512 hours = $26,624.00; $26,624.00 – $4,000.00 = $22,624.00).

25. As such, Defendants' actions constitute a breach of contract and entitle Plaintiff to compensation.

### COUNT II: VIOLATION OF THE FAIR LABOR STANDARDS ACT

26. Plaintiff alleges and incorporates all averments set forth in paragraphs 1 through 25 above as if fully incorporated herein.

27. Plaintiff was a non-exempt employee and subject to the provisions of the Fair Labor Standards Act as it pertains to whether or not Plaintiff was entitled to minimum wages and overtime pay for all overtime hours worked.

28. The Fair Labor Standards Act requires that employees be paid at least the minimum wage for all hours worked in addition to an overtime premium at a rate not less than one and one-half (1 ½) times the regular rate at which they are employed for all hours in excess of forty (40) hours in a work week. 29 U.S.C. § 207(a).

29. Plaintiff has not been paid minimum wages or overtime compensation under the Fair Labor Standards Act at a rate of 1 ½ her regular rate of pay.

30. The acts of the Defendants constitute a willful intentional violation of the Fair Labor Standards Act.

### PRAYER FOR RELIEF

**WHEREFORE PREMISES CONSIDERED,** Plaintiff respectfully prays that upon

hearing of this matter by a jury, the Plaintiff be granted the following relief in an amount to be determined by the jury:

1. All compensation earned pursuant to the Employment Letter of Intent;
2. Unpaid minimum and overtime wages pursuant to the FLSA;
3. Liquidated damages;
4. Attorney's fees;
5. Lost benefits;
6. Pre-judgment and post-judgment interest;
7. Costs and expenses; and
8. Such further relief as is deemed just and proper.

THIS the 17th day of November 2022.

Respectfully submitted,

Esquanickia Fletcher, Plaintiff

By: /s/Louis H. Watson, Jr.
Louis H. Watson, Jr.  (MB# 9053)
Nick Norris (MB# 101574)
Attorneys for Plaintiff

OF COUNSEL:

WATSON & NORRIS, PLLC
4209 Lakeland Drive # 365
Flowood, MS 39232-9212
Telephone: (601) 968-0000
Facsimile: (601) 968-0010
Email: louis@watsonnorris.com
Web:  www.watsonnorris.com